This government contract case comes before us on plaintiffs exceptions to the recommended decision and findings of fact (reported in full at 28 CCF para. 81,087) submitted by Trial Judge Colaianni in accordance with Rule 134(h) and defendant’s motion for judgment. We hold for the government and dismiss the petition.
In May 1974, plaintiff was awarded a contract to mow lawns and remove light debris from Housing and Urban Development (HUD) property. Because of substantial delays in the receipt of payment, plaintiff notified the contracting officer that he was terminating his services on September 1, 1974. On October 10, 1974, the contracting officer sent plaintiff a cure notice informing him that his performance under the contract was unsatisfactory. Twelve days later, the contracting officer notified plaintiff that the contract was terminated for default.
*653 Plaintiff appealed to the HUD Board of Contract Appeals (Board), which found that plaintiffs abandonment of the contract was excusable and that plaintiff was entitled to compensation for the services he performed in July and August. Plaintiff then filed suit in this court for anticipated profits on (1) the lawn service contract and (2) a locksmith-ing contract which he was denied because, although he was the low bidder, the contracting officer was unable to find that plaintiff would perform the contract in a reasonable manner, together with his bid preparation costs on the latter contract. The plaintiffs theory was that the government had terminated the contract in bad faith.
After a trial, the trial judge unheld the Board’s finding that under the contract the improper termination for default was converted into a termination for the convenience of the government, but concluded that plaintiff was not entitled to anticipated profits under either contract or bid preparation costs. The trial judge rejected the plaintiffs contention that the government terminated the contract in bad faith.*
The sole issue presented to us is whether the contract was terminated in bad faith. Upon consideration of the briefs and without oral argument, we uphold the trial judge’s conclusion that termination was not in bad faith, and adopt his findings and opinion. Accordingly, plaintiff is not entitled to anticipated profits under either the lawn service or locksmithing contract, or his bid preparation costs for the latter. The defendant’s motion for judgment is granted, and the petition is dismissed.

 The trial judge implied that if the government had terminated the contract in bad faith, the government might be liable for anticipated profits under a common law theory of contract damages. Because we uphold the trial judge’s determination that there was no bad faith, it is unnecessary to resolve this issue.